IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:14-CR-48 RWS/KPJ |
| | § | |
| ERIC POUNDS (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 24, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Andrew Stover.

On April 1, 2015, Defendant was sentenced by the Honorable Robert Schroeder, United States District Judge, to a sentence of twenty-four (24) months imprisonment followed by a three (3) year term of supervised release for the offense of Possession of Counterfeit Obligations. Defendant began his term of supervision on January 26, 2016.

On February 2, 2017, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 106). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (4) Defendant shall report to the probation

1

officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (5) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) Defendant shall pay any financial penalty that is imposed by the judgment; and (8) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Officer, until such time as Defendant is released from the program by the probation officer. Defendant shall pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following violations: (1) On February 1, 2017, Defendant was arrested by Lewisville, Texas, Police Department for Fraudulent Use or Possession of Identifying Information More than 10 Items Less than 50. Defendant is currently in custody awaiting arraignment; (2) On September 19, 2016, and Septemberr 23, 2016, Defendant submitted a urine specimen that tested positive for opiates. Both specimens were confirmed positive by Alere Toxicology Services; (3) Defendant failed to submit monthly written reports for the months of November and December 2016, and January 2017, as directed; (4) At the time of Defendant's arrest on February 1, 2017, Defendant was accompanied by Lia Holzer who was identified as having a criminal background with active warrants; (5) On December15, 2016, Defendant was stopped and questioned by an officer with the Flower Mound Police Department. During the course of questioning, police found $640.00 worth of counterfeit cash inside Defendant's vehicle. Since police could not link the counterfeit case to Defendant, no enforcement action was taken. Defendant failed to report this police contact to the probation officer; (6) On October 13, 2016, Defendant signed a

payment plan in which Defendant agreed to pay $50.00 each month beginning on October 28, 2016. Defendant failed to make any payments in October, November, December 2016, and January 2017. As such, Defendant's account is now in default. Since Defendant's release on supervised release on January 26, 2016, Defendant has made one payment for $25.00 on May 26, 2016, and has an outstanding balance of $650.00; and (7) On September 13, 2016, Defendant was enrolled in random drug testing at McCary Counseling Services. Defendant stopped calling the drug testing provider on November 1, 2016. Defendant was unsuccessfully discharged on January 18, 2017. On October 28, 2016, Defendant was recommended to attend group and individual substance abuse therapy but never reported for any sessions. Defendant was unsuccessfully discharged on January 18, 2017.

At the hearing, Defendant entered a plea of true to Allegations 4, 5, and 6. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 24, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months with one (1) year supervised release to follow. The Court further recommends that this sentence run consecutively to any sentence imposed in the pending state case against Defendant. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Seagoville, if appropriate.

**SIGNED this 30th day of August, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE